IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 14-mj-4057-JPG-PMF |
| ) | |
| DERRICK DAWON BURNS, ) | |
| ) | |
| Defendant. ) | |

## UNITED STATES' MOTION FOR DEFENDANT'S EXAMINATION

The United States of America, by and through its attorneys, Stephen R. Wigginton, United States Attorney for the Southern District of Illinois, William E. Coonan, Assistant United States Attorney, and John C. Constance, Special Assistant United States Attorney, and pursuant to the provisions of Title 18, United States Code, Section 4241, moves for examinations to determine the Defendant's mental competency and his psychiatric and/or psychological fitness pending further proceedings.

1. "At any time after the commencement of a prosecution for an offense . . ., the defendant or attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant."  18 U.S.C. § 4241.

2. "The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *Id.*

3. The Defendant has been charged with four counts of Willingly Making a Bomb Threat in violation of Title 18, United States Code, Section 844(e), and four counts of Mailing a Threatening Communication in violation of Title 18, United States Code, Section 876(c).

4. The Criminal Complaint provides the background and some of the evidence which supports this motion.  (Doc. No. 1).

5. Between on or about September 2012 and continuing until on or about September 2013, the Defendant is believed to have mailed or attempted to mail seven threatening letters directed towards members of law enforcement and the Southern Illinois University-Carbondale ("SIUC") community.  The Defendant describes his intent to rape and decapitate female students; to blow up buildings and facilities with the intent to kill; to poison food, to shoot to kill, to bomb colleges and universities in other parts of the United States; to target specific law enforcement officials, SIUC officials and employees; to use pipe bombs; to emplace booby traps; to use a gun with a scope to shoot students; to inflict mass violence; to commit arson; and to employ anthrax. One letter specifically targeted FBI agents by threatening to "murder any Agent who refuses to step aside."

6. In addition to the threats of violence and destruction, the Defendant professed in his letter to have already "raped and killed 7 SIUC students;" to have buried bodies and dumped bodies in a lake; to have hung people; and to have shot someone in the head.  The Defendant states in a number of the letters that he will rape and kill again, even providing the specific number of males and females that he will target.

7. In response to the second letter, SIUC officials evacuated three of its Tower dormitories, which at the time housed approximately 2,106 students.

8. The letters demonstrate a deliberate and calculated effort to inflict fear and panic upon the SIUC community. Six of the seven letters were handwritten, using a style of handwriting evidencing a careful, protracted attempt to mask the author's handwriting. These letters were not an isolated incident that occurred during a brief lapse in the Defendant's judgment. The first letter was mailed in September 2012, and the last was mailed in October 2013. Recently on July 2, 2014, approximately ten months after sending the seventh and final letter, the Defendant twice called law enforcement, claiming to have information about the person responsible for the letters. These calls served as a means to keep the letters fresh in the minds of law enforcement and as an attempt to deflect attention away from the letters' true sender, the Defendant. The anonymous phone calls and the lengthy letter writing campaign, coupled with the violent and extremely graphic nature of the threats, illustrates a pattern of disturbing behavior by the Defendant.

9. These statements and actions also raise worries for the Defendant's own safety. Additional support for this apprehension may be developed at a hearing.

10. There is a concern that the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his own defense. This submission is based on the nature of the Defendant's conduct.

11. The United States requests that the Defendant be detained, and undergo a formal psychiatric/psychological examination by a qualified psychiatrist or psychologist of the Federal Bureau of Prisons, consistent with the procedures set forth in 18 U.S.C. § 4247. Pursuant to section 4247(b), the court "may commit the [defendant] to be examined for a reasonable period, but not to exceed thirty days," for purposes of an examination under section 4241. Once the examination is complete, the psychiatric or psychological report "shall be prepared by the

examiner," and "shall be filed with court with copies provided to [the parties]." *See* 18 U.S.C. § 4247(c) (setting forth the reporting requirements for a psychiatric/psychological evaluation under section 4241).

12.   The United States further requests that the psychiatric/psychological evaluation be performed at the United States Medical Center in Springfield, Missouri, if practicable. *See* 18 U.S.C. § 4247(b) (unless impracticable, the examination shall be conducted in the suitable facility closest to the court).

Wherefore, the United States of America respectfully requests that this Court grant the motion for examinations.

Respectfully submitted,

UNITED STATES OF AMERICA

STEPHEN R. WIGGINTON
United States Attorney


/s/ *William E. Coonan*
WILLIAM E. COONAN
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, Illinois   62208-1344
618.628.3700
618.628.3720 (fax)

JOHN C. CONSTANCE
Special Assistant United States Attorney
Nine Executive Drive
Fairview Heights, Illinois   62208-1344
618.628.3700
618.628.3720 (fax)

## CERTIFICATE OF SERVICE

      I hereby certify that on October 3, 2014, I caused to be electronically filed **United States' Motion for Defendant's Examination** with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record:   Mr. James A. Gomric, Attorney at Law.

                      Respectfully submitted,

                      *s/ William E. Coonan*
                      WILLIAM E. COONAN
                      Assistant United States Attorney