IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 14-cr-40081-SMY |
| | ) | |
| DERRICK DAWON BURNS, | ) | |
| | ) | |
| Defendant. | ) | |

# UNITED STATES' RESPONSE TO COURT'S ORDER

The United States of America, by and through its attorneys, Stephen R. Wigginton, United States Attorney for the Southern District of Illinois, William E. Coonan, Assistant United States Attorney, and John C. Constance, Special Assistant United States Attorney, respectfully responds to Defendant's motion pursuant to this Court's Order of March 2, 2015.

**BACKGROUND**

1. On March 2, 2015, this Court directed the parties to respond to the Defendant's *pro se* letter (Doc. No. 43) which the Court construes as a Motion to Terminate Appointed Counsel and appear *pro se*. (Doc. No. 43.)

2. The Defendant has been undergoing an examination by the Federal Bureau of Prisons (BOP). (Doc. No. 36.)

3. This counsel understands from the BOP that last week the BOP mailed its report of examination to the Court.

4. The Court has set a Final Pre-Trial Conference for this Thursday, March 19, 2015 at 9:30 a.m. (Doc. No. 42).

1

5. This counsel respectfully requests that the Court assess the motion to terminate appointed counsel before ruling on a motion to terminate counsel and after the Court and counsel of record have had ample opportunity to consider the report of examination. This counsel also respectfully addresses a particular type of hearing that the Court may choose to have at the appropriate juncture.

*FARETTA* HEARING

6. A defendant charged with a crime has an absolute and automatic right to counsel. U.S. Const., Amend. 6 (right to counsel); 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *Gideon v. Wainwright*, 372 U.S. 335 (1963) (right to counsel); *Faretta v. California*, 422 U.S. 806, 819 (1975). This right requires that legal assistance be made available whether or not the defendant has requested it. *Carnley v. Cochran*, 369 U.S. 506, 513 (1962). A defendant also has the right to represent himself or herself in criminal proceedings. *Faretta*, 422 U.S. at 819. However, to permit a defendant to waive the right to counsel and exercise the right to self-representation, a trial court must make sure the defendant understands the ramifications of this decision and ensure that the necessary procedural safeguards are complied with. Under the Sixth Amendment, a criminal defendant has a right to represent himself without giving any particular reason, provided that his request is unequivocal and that he knowingly and intelligently waives his Sixth Amendment right to professional representation. *Faretta v. California*, 422 U.S. at 835-36. To ensure a valid waiver of counsel, a judge should "rigorously convey" the pitfalls of proceeding to trial uncounseled and should make a "searching or formal" inquiry into both the defendant's understanding of the Sixth Amendment waiver and awareness of the disadvantages of

self-representation. *Iowa v. Tovar*, 541 U.S. 77, 92 (2004) (listing factors to consider in evaluating a defendant's waiver "including his education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding," although "a less searching or formal colloquy may suffice at earlier stages of the criminal process.").

7. The Seventh Circuit considers four factors as to whether a District Court has taken sufficient steps to ensure that a defendant's decision to proceed without counsel is knowing and informed: (1) whether and to what extent the district court conducted a formal hearing into the defendant's decision to represent himself; (2) other evidence in the record that establishes whether the defendant understood the dangers and disadvantages of self-representation; (3) the background and experience of the defendant; and (4) the context of the defendant's decision to waive his right to counsel. *United States v. Cooper*, 591 F.3d 582, 587 (7th Cir. 2010); *United States v. Todd*, 424 F.3d 525, 530 (7th Cir. 2005); *United States v. Avery*, 208 F.3d 597, 601 (7th Cir. 2000).

8. At the formal hearing, a district court must impress upon the defendant the risks and dangers associated with self-representation and the failure to conduct an adequate inquiry weighs against a finding of a knowing and intelligent waiver. *United States v. Johnson*, 534 F.3d 690, 694 (7th Cir. 2008). Although district judges are not required to expound at length on the disadvantages of self-representation, nor are they required to give a hypothetical lecture on criminal law. *Cooper*, 591 F.3d at 587.

9. At the hearing, in assessing the background and experience of the defendant, the court should look at a defendant's educational experience and prior experience with the legal system. *Johnson*, 534 F.3d at 694. A defendant need not have the experience of a lawyer in order to intelligently choose to represent himself. *Id.*; *Faretta*, 422 U.S. at 835. The background

and experience is examined merely to gauge whether a defendant appreciates the gravity of his waiver. *Johnson*, 534 F.3d at 694; *United States v. England*, 507 F.3d 581, 587 (7th Cir. 2007).

10. Because the defendant usually gives up more than he gains when he elects self-representation, the court must be reasonably certain of the defendant's wishes to represent himself. *Brewer v. Williams*, 430 U.S. 387, 404 (1977). As a result, courts must indulge in every reasonable presumption against waiver of the right to counsel. *Brewer*, 430 U.S. at 404. A defendant who vacillates between wishing to be represented by counsel and wishing to represent himself could place the trial court in a difficult position: If the court appoints counsel, the defendant could, on appeal, rely on his intermittent requests for self-representation in arguing that he had been denied the right to represent himself; if the court permits self-representation, the defendant could claim that he had been denied the right to counsel. The requirement of unequivocally resolves this dilemma by forcing the defendant to make an explicit choice. If he equivocates, he is presumed to have requested the assistance of counsel. *Michigan v. Jackson*, 475 U.S. 625, 633 (1986); *Johnson v. Zerbst*, 304 U.S. 458 (1938).

11. **Defendant's Right to Self-Representation is Not Absolute**. The Sixth Amendment right to self-representation does not protect defendants who abuse it by obstructing judicial proceedings. *United States v. Hines*, 407 Fed. Appx. 975, 2011 WL 467065 (7th Cir. 2011); *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975). "The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law." *McKaskle v. Wiggins*, 465 U.S. 168, 184 (1984) (citing *Faretta,* 422 U.S. at 834 n.46).

12. **The Role of Stand-By Counsel.** "A defendant's Sixth Amendment rights are not violated when a trial judge appoints standby counsel - even over the defendant's objection - to

relieve the judge of the need to explain and enforce basic rules of courtroom protocol or to assist the defendant in overcoming routine obstacles that stain the way of the defendant's achievement of his own clearly indicated goals." *McKaskle v. Wiggins*, 465 U.S. 168, 184 (1984). The Supreme Court in *McKaskle v. Wiggins* has promulgated certain guidelines for the role of stand-by counsel, detailing two guiding principles to protect the right of self-representation from encroachment by stand-by counsel: First, the *pro se* defendant is entitled to preserve actual control over the case he chooses to present to the jury. This is the core of the *Faretta* right. If stand-by counsel's participation over the defendant's objection effectively allows counsel to make or substantially interfere with any significant tactical decisions, or to control the questioning of witnesses, or to speak instead of the defendant on any matter of importance, the *Faretta* right is eroded. Second, participation by stand-by counsel without the defendant's consent should not be allowed to destroy the jury's perception that the defendant is representing himself. From the jury's perspective, the message conveyed by the defense may depend as much on the messenger as on the message itself. From the defendant's own point of view, the right to appear *pro se* can lose much of its importance if only the lawyers in the courtroom know that the right is being exercised. *Id.* at 178-79. Only the first of these principles applies to proceedings held outside the presence of the jury, whereas both apply to proceedings before the jury. "*Faretta* rights are adequately vindicated in proceedings outside the presence of the jury if the prose defendant is allowed to address the court freely on his own behalf and if disagreements between counsel and the pro se defendant are resolved in the defendant's favor whenever the matter is one that would normally be left to the discretion of counsel." *Id.* at 179. Participation by stand-by counsel in the presence of the jury poses not only the danger of usurping actual control from the *pro se* defendant but also of creating the appearance that the defendant no longer represents himself. *Id.* at 181-82. This is

5

particularly true because "[a] defendant can waive his *Faretta* rights." Significant participation by stand-by counsel in front of the jury could make it difficult for the jury to determine whether the Defendant is representing himself or has waived his *Faretta* rights. "A defendant's invitation to counsel to participate in the trial obliterates any claim that the participation in question deprived the defendant of control over his own defense. Thus, uninvited intrusions by stand-by counsel are more problematic than invited participation. Any danger of confusion caused by stand-by counsel's invited participation can be alleviated if the court carefully instructs the jury at the outset that the defendant is representing himself and then periodically informs the jury that stand-by counsel's participation has been approved by the defendant. *See id.* at 186 (Wiggins appeared to the jury to be representing himself in part because the trial judge explained that he would be at the outset of trial).

Wherefore, the United States of America respectfully responds to this Court's Order.

Respectfully submitted,

UNITED STATES OF AMERICA

STEPHEN R. WIGGINTON
United States Attorney

/s/ *William E. Coonan*
WILLIAM E. COONAN
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, Illinois 62208-1344
618.628.3700
618.628.3720 (fax)

JOHN C. CONSTANCE
Special Assistant United States Attorney
Nine Executive Drive
Fairview Heights, Illinois 62208-1344
618.628.3700
618.628.3720 (fax)

**CERTIFICATE OF SERVICE**

  I hereby certify that on March 16, 2015, I caused to be electronically filed **United States' Response to Court Order** with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record: Mr. James A. Gomric, Attorney at Law.

              Respectfully submitted,

              *s/ William E. Coonan*
              WILLIAM E. COONAN
              Assistant United States Attorney